| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| FLOYD LINDSEY,<br><br>         Petitioner,<br><br> – against –<br><br>PHILIP D. HEATH,<br><br>         Respondent. | **MEMORANDUM & ORDER**<br><br>12-CV-2150 (ERK) |

KORMAN, J.:

  Petitioner, Floyd Lindsey, was convicted after a jury verdict of four counts of burglary in the first degree and sentenced as a persistent violent felony offender to four concurrent sentences of 20 years to life in prison. I assume familiarity with the underlying background and procedural history of the case, and proceed to discuss the eight issues raised in this petition for a writ of habeas corpus. I have largely passed over the exhaustion and procedural bars that apply to petitioner's claims because the case can be disposed of by addressing the merits of those claims.

  1.  Petitioner is not entitled to relief on his claim that his trial counsel provided ineffective assistance when he failed to make his motions for dismissal of one count in the indictment as duplicitous and to re-inspect the grand jury minutes in writing. To establish ineffective assistance of counsel under Supreme Court precedent, defendants must show that (1) "counsel's representation fell below an objective standard of reasonableness" and that (2) "the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). The first prong requires that courts recognize counsel's "wide latitude" in making tactical decisions and imposes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires that a

1

defendant "shows that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.* at 694. Here, even assuming that counsel's representation fell below an objectively reasonable standard, petitioner cannot show a reasonable probability that the proceeding would have had a different result but for the allegedly deficient performance. Although the Appellate Division affirmed the trial judge based on petitioner's counsel's failure to submit the motion for dismissal in writing, the judge allowed petitioner's counsel to make the motions orally, but denied them on the merits. Hearing Tr., Mar. 12, 2008, at 6; Trial Tr. 846–47. There is no prejudice here because there is no probability that the judge would have reached a different outcome if the motions had been submitted in writing. Moreover, petitioner did not suffer any prejudice from the judge's denial of the motion to dismiss because of the manner in which the judge charged the jury. More specifically, as discussed below, the trial judge charged the jury that in order to convict on the single duplicitous count, it had to find that the defendant committed both offenses charged. Thus, petitioner was better off than had he obtained a dismissal of the duplicitous count and had the grand jury returned a new indictment charging each offense in a separate count. In any event, petitioner failed to raise his counsel's allegedly deficient performance before the Appellate Division. As such, the claim is unexhausted and unreviewable on a habeas petition. *Baldwin v. Reese*, 541 U.S. 27, 32–33 (2004) (holding claim unexhausted where petitioner stated his claim, but did not present it as a federal claim).

2. Petitioner next claims that he was erroneously sentenced as a persistent violent felon because the prosecution did not meet its burden of proving his prior convictions and because the sentence was "unconstitutionally imposed." On the assumption that this rises to a claim of constitutional dimension, it lacks merit. There was more than ample evidence of the prior conviction. Hearing Tr., Jan. 26, 2009, at 11-17. Petitioner's vaguely stated constitutional

challenge to the persistent violent felon statute fails as numerous courts have upheld the law's constitutionality under *Apprendi*'s prior conviction exception. *See, e.g.*, *Kelly v. Lee*, No. 11-CV-3903, 2014 WL 4699952, at *13 (E.D.N.Y. Sept. 22, 2014); *Ferguson v. Walsh*, No. 09-CV-1575, 2011 WL 1527973, at *7 (E.D.N.Y. Apr. 20, 2011); *Watford v. Smith*, No. 07-CV-5443, 2010 WL 301941, at *4 (E.D.N.Y. Jan. 20, 2010).

3. There is no merit in petitioner's assertion that his Sixth Amendment rights were violated when the trial judge permitted a prosecution witness to assert the privilege against self-incrimination on direct examination. While there may be instances where a witness's invocation of the privilege will violate the confrontation clause, no right is violated where "the court determines that the privilege has been invoked with respect to a collateral matter, or that the invocation does not preclude inquiry into the witness' direct testimony." *Bagby v. Kuhlman*, 932 F.2d 131, 135 (2d Cir. 1991). Here, the witness invoked his privilege in response to a question of whether he was facing pending charges in Nassau County. Trial Tr. 690. This line of questioning has, at best, an attenuated effect on his general credibility, which is a quintessential example of a collateral matter. *United States v. Treacy*, 639 F.3d 32, 45 (2d Cir. 2011); *United States v. Brooks*, 82 F.3d 50, 54 (2d Cir. 1996). Petitioner's counsel was not impeded in his ability to cross-examine the witness regarding his direct testimony and did so vigorously. Trial Tr. 703–22. Counsel also had ample opportunity to question the witness's general credibility by inquiring into his criminal background as it related to non-pending cases. *Id.* at 703–08. Moreover, the witness's assertion of the privilege, absent a limiting instruction, would have led the jury to infer that he was facing criminal charges in Nassau County. In any event, during cross-examination, petitioner's counsel obtained a response to the question that the witness had previously declined to answer when the judge determined that the assertion of privilege was improper. *Id.* at 723.

4. Petitioner's claim that the prosecutor made improper "vouching" comments and otherwise made herself a witness during her summation does not warrant habeas relief. A prosecutor's improper comments reach the level of a constitutional violation only where they so infect the trial with unfairness that the resulting conviction violates due process guarantees. *Darden v. Wainwright*, 477 U.S. 168, 180–82 (1986); *Gonzalez v. Sullivan*, 934 F.2d 419, 424 (2d Cir. 1991). In analyzing such a claim, a court must consider "how prejudicial the prosecutor's conduct was, what measures, if any, the trial court used to cure the prejudice, and whether conviction was certain absent the prejudicial conduct." *Gonzalez*, 934 F.2d at 424. These factors do not favor petitioner here. The statements to which petitioner objects were made in response to arguments petitioner's counsel raised in his summation. *See id.* (finding no prejudice where the defense's summation invited the response that the prosecutor gave). More importantly, the trial judge took appropriate curative action by interrupting and admonishing the prosecutor in one instance and by giving repeated instructions to the jury that the lawyers' statements are not evidence upon which the jury could base its verdict. *See id.* (finding that the court took appropriate curative action where, *inter alia*, it instructed the jury that summations were not evidence). There is no indication that the relatively benign comments the prosecutor made infected the trial with unfairness, particularly in light of the judge's curative actions.

5. Petitioner alleges that the trial judge erroneously failed to give an expanded identification charge to the jury. "In order to obtain a writ of habeas corpus in federal court on the ground of error in a state court's instructions to the jury on matters of state law, the petitioner must show not only that the instruction misstated state law but also that the error violated a right guaranteed to him by federal law." *Ricketts v. Mazzuca*, 250 F. Supp. 2d 131, 134 (E.D.N.Y. 2003) (internal quotations omitted). The petitioner's burden is particularly heavy where the alleged error is the failure to give a requested instruction. *Id.* The Supreme Court has never held

that a defendant is entitled to an identification charge beyond the one given in this case. Thus, district courts in this circuit have regularly denied habeas relief where a petitioner alleges a failure to give an expanded identification charge. *See Tavarez v. Artus*, No. 09-CV-3716, 2012 WL 2872125, at *3 (E.D.N.Y. July 10, 2012); *Stallings v. Woods*, No. 04-CV-4714, 2006 WL 842380, at *11–12 (E.D.N.Y. Mar. 27, 2006). Moreover, in light of the defendant's confession, any error in failing to give an expanded identification charge was harmless. *See generally, Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993).

6. Petitioner is not entitled to habeas relief based on his assertion that count two of his indictment was duplicitous because it charged petitioner with injuring two separate individuals, thus allegedly charging two crimes in one count of the indictment. The Supreme Court has never held that an indictment containing duplicitous counts violates a constitutional right. *See Jones v. Lee*, No. 10 Civ. 7915 (SAS), 2013 WL 3514436, at *7 (S.D.N.Y. July 12, 2013) (finding that "there is no constitutional right against duplicity per se."). The Second Circuit has further indicated that duplicitous pleadings are not even presumptively invalid in and of themselves. *United States v. Olmeda*, 461 F.3d 271, 281 (2d Cir. 2006) (citing *United States v. Sturdivant,* 244 F.3d 71, 75 n.3 (2d Cir. 2001)). Thus, the mere presence of duplicitous charges cannot provide a basis for habeas relief. That said, the strictures against duplicitous counts in an indictment, *see e.g.*, N.Y. C.P.L. § 200.30(1), are intended to avoid *potential* forms of prejudice that could rise to a constitutional violation. Specifically, these strictures are concerned with avoiding

> the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

5

*United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981); *see also Olmeda*, 461 F.3d at 281. As the Second Circuit has written, "[i]f the doctrine of duplicity is to be more than an exercise in mere formalism, it must be invoked only when an indictment affects the policy considerations" underlying the doctrine. *United States v. Murray*, 618 F.2d 892, 897 (1980). The alleged fault in the indictment came from its assertion that petitioner injured two people. While, under state law, this likely should have been charged as two offenses, the trial judge instructed the jury that to convict, they must find petitioner injured *both* parties, charging "it must be both of them. If you have any reasonable doubt or if you feel that one did not receive physical injury, then in regard to Count Two, you must find the defendant not guilty." Trial Tr. 950. Thus, there is no opportunity for a split verdict or other lack of unanimity. Petitioner was on notice of the charges. Moreover, the indictment, particularly when paired with the jury charge in this case, adequately guards against double jeopardy violations.

7. Petitioner argues that during the course of her grand jury presentation, the prosecutor allegedly bolstered the eyewitness identification by evidence that the eyewitness had also identified petitioner in a photographic array. This claim is frivolous because the Supreme Court has held that the grand jury clause of the Constitution does not apply to the states. *Hurtado v. California*, 110 U.S. 516, 538 (1884). Even in federal criminal practice, where a defendant is entitled to be charged by a grand jury, errors committed during the course of the grand jury proceedings are rendered harmless by a subsequent conviction. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988) ("We hold that, as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants."); *Lopez v. Riley*, 865 F.2d 30, 32–33 (2d Cir. 1989) (holding that errors in grand jury proceedings are rendered harmless on habeas review where there is a conviction by the petit jury).

8. Finally, the Appellate Division's decision to uphold the trial court's pre-trial *Sandoval* ruling that certain prior convictions of petitioner would be admitted if he testified is not cognizable here. "Importantly, where[,] as here, a habeas petitioner did not testify at trial, the *Sandoval* ruling may not be assessed on habeas review because any such ruling would be wholly speculative." *Warren v. Miller*, 78 F. Supp. 2d 120, 135 (E.D.N.Y. 2000) (citing, *inter alia*, *Luce v. United States*, 469 U.S. 38, 43 (1984)); *see also Melendez v. LaValley*, 942 F. Supp. 2d 419, 423–24 (S.D.N.Y. 2013); *Carrasquillo v. Kirk*, 677 F. Supp. 193, 195 (S.D.N.Y. 1988). Where a defendant does not testify, he cannot assert error from an *in limine* ruling permitting impeachment materials because: any harm is purely speculative without knowing what the prosecutor would actually introduce and how it would be used; the court could alter a previous *in limine* ruling in the context of the trial; the decision not to testify can seldom be ascribed to a single motivating factor; and the question of harmless error cannot be resolved. *Luce*, 469 U.S. at 41-42. Petitioner's decision not to testify in his trial precludes him from obtaining habeas relief on this ground.

## CONCLUSION

The petition is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
June 22, 2015

*Edward R. Korman*
Edward R. Korman
Senior United States District Judge